TORRINGTON CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND NMB THAI LTD., PELMEC THAI LTD., NMB HI-TECH BEARINGS LTD., AND NMB CORP., DEFENDANT-INTERVENORS

Court No. 96–07–01782

(Dated March 9, 1998)

## JUDGMENT

TSOUCALAS, *Senior Judge:* On July 28, 1997, this Court remanded to the Department of Commerce, International Trade Administration ("Commerce"), an issue arising from the administrative review, entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Thailand; Final Results of Antidumping Duty Administrative Review and Revocation of Antidumping Duty Order*, 61 Fed. Reg. 33,711 (June 28, 1996).

In particular, the Court ordered Commerce to determine a proper methodology for calculating constructed value ("CV") profit for NMB Thai Ltd., Pelmec Thai Ltd., NMB Hi-Tech Bearings Ltd. and NMB Corporation (collectively "NMB") in the absence of cost production data where related party sales are not made at arm's length.

Commerce released draft remand results on September 26, 1997. In Torrington's comments to the draft remand results, Torrington alleged, for the first time, that Commerce made a ministerial error in the calculations which resulted in the deletion of five sales observations. Torrington does not dispute that the alleged error was present in the margin calculations for both the original preliminary and final results in the contested administrative review.

On October 24, 1997, in compliance with the Court's remand order, Commerce filed its *Final Results of Redetermination Pursuant to Court Remand, Torrington Co. v. United States, Court No. 96–07–01782, Slip. Op. 97–105 (July 28, 1997)* ("Remand Results"), with this Court. In the Remand Results, Commerce recalculated CV profit by applying a profit rate based on sales to unrelated parties and sales to one related party which passed Commerce's arm's-length test. Consequently, Commerce discarded all aggregate related-party profit data that NMB submitted which amounted to 0.23%, below Commerce's *de minimus* threshold. Commerce did not address the alleged clerical error raised by Torrington in its comments to the draft remand results because Commerce determined that Torrington's objection was untimely.

Under the circumstances, the Court finds that Torrington's allegation of a clerical error is time-barred. Judicial economy, fairness to the

parties and the need to fulfill Congress' intent of prompt resolution of these trade matters requires that errors of methodology, data selection and calculation all be raised at the outset, unless some extraordinary factor supports relief at a later date. *IPSCO, Inc. v. United States*, 965 F.2d 1056, 1062 (Fed. Cir. 1992). There are no such extraordinary factors here. Although in some instances a remand to correct clerical errors would be appropriate, *see NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1208 (Fed. Cir. 1995) (court granted remand for clerical error discovered after preliminary determination because preliminary determinations are inherently subject to change), this is not such a case. Torrington first raised the alleged clerical error in its comments to the draft remand results, over a year after the preliminary results of this administrative review were issued. Torrington cannot raise, at this point in time, ministerial errors that were discoverable in the calculations of the preliminary and final results. *See* 19 U.S.C. § 1675(h) (1994) (ministerial errors shall be corrected within a reasonable time); *see also* 19 C.F.R. § 353.28(b) (allowing five business days after the date of disclosure of a calculation methodology for comment unless the party requests, and the Secretary grants, an extension of time).

Therefore, Commerce having complied with this Court's remand order, it is hereby

ORDERED that the Remand Results are affirmed in their entirety; and, all other issues having been previously decided, it is further

ORDERED that this case is dismissed.